AMERICAN ICE COMPANY, Appellant, *v.* THE CITY OF NEW YORK et al., Respondents.

*Am. Ice Co.* v. *City of New York*, 122 App. Div. 888, reversed.

(Argued June 8, 1908; decided December 8, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1907, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

This action was brought to restrain the defendants from constructing a certain pier and bulkhead at or near the foot of West Forty-third street in the city of New York, in such a way as to interfere with the right of the plaintiff to construct and maintain a pier at the foot of that street.

*M. Edward Kelley* for appellant.

*Francis K. Pendleton, Corporation Counsel* (*Theodore Connoly* and *Charles D. Olendorf* of counsel), for respondents.

43

WERNER, J. Our decision in the condemnation proceeding, the appeal in which was argued and submitted with the appeal in the above-entitled action (*Matter of Mayor, etc., of N. Y.,* 193 N. Y. 503), necessarily disposes of both cases. In the condemnation proceeding we decided that the American Ice Company has a right or franchise to maintain a pier at the foot of Forty-third street, but that it had no rights or easements in or over the lands there sought to be condemned. It follows from the latter conclusion that the commissioners of appraisal and the court at Special Term were right in refusing to make any award to the ice company, and that the Appellate Division was in error in reversing the order confirming the commissioners' report. An entirely different situation is presented by the record in this case. This action is brought by the American Ice Company to restrain the city of New York from constructing a proposed pier and bulkhead, the effect of which will be to destroy the plaintiff's right to maintain a pier at the foot of Forty-third street. Having decided that the plaintiff has the right to maintain such a pier, it follows that it cannot be taken away or destroyed without compensation. Therefore it was error to dismiss the complaint. In reversing this judgment, all that we decide is that the plaintiff is entitled to reasonable compensation for its right to maintain a pier at the foot of Forty-third street. Plaintiff is clearly not entitled to all the relief that it asks for. It should not have an absolute injunction, but one that is conditioned upon the failure of the city to move promptly in proceedings to condemn the plaintiff's rights. The plaintiff is not entitled to damages for the destruction of its old pier, nor by reason of the construction of the bulkhead provided for in the present plans of the dock department, but simply to proper compensation for the taking of its right to maintain a pier.

The judgment of the Appellate Division should, therefore, be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc